UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA A.,[1]

        Plaintiff,

v.                                                                                 6:24-CV-6258 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## DECISION AND ORDER

Plaintiff Linda A. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 13, 14. For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on May 12, 2021.[2] Tr. 196–97.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 101–06, 120–21. Following the hearing, at which Plaintiff was represented by counsel, ALJ Timothy Belford issued a decision finding that Plaintiff was not disabled. Tr. 10–20. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–4; Dkt. 1.

## LEGAL STANDARDS

### I.  DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for DIB. To receive DIB, a claimant must show that she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 3 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 28, 2020, her alleged onset date. Tr. 12. The ALJ also found that Plaintiff suffered from the following severe impairments: degenerative joint disease and osteoarthritis of the knees, status post left total knee replacement. Tr. 13. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> [Plaintiff] can perform no more than occasional climbing of ramps and stairs; can never perform climbing of ladders; can never perform crawling or kneeling; can perform no more than occasional balancing, stooping, and crouching; and can have no more than occasional exposure to work environments with

5

>concentrated pulmonary irritants, such as fumes, dusts, and gases.

Tr. 15.

The ALJ found that Plaintiff was capable of performing past relevant work as a receptionist. Tr. 19. As such, according to the ALJ, Plaintiff had not been under a disability since October 28, 2020. *Id.*

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence. Dkt. 8-1 at 12–17. More specifically, Plaintiff argues that the ALJ improperly rejected the opinions of Elizabeth Gagnier, M.D., and Michael Dix, PT, DPT, and failed to acknowledge the consistencies between them. *Id.* at 12. For the reasons that follow, this Court disagrees.

## III. ANALYSIS

The ALJ properly assessed the opinion evidence here. An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). In doing so, an ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 416.920c(a)-(c). Those factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* § 416.920c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion but need not expound upon the

6

remaining three. *Id.* 404.920c(b). An ALJ is tasked with analyzing medical opinions at the source-level, meaning that an ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source. *Id.* § 416.920c(b)(1).

With respect to supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be. *Id.* § 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 416.920c(c)(2).

On January 31, 2023, PT Dix completed a "physical medical source statement." Tr. 1067–71. He opined that Plaintiff could sit for "about 2 hours" and stand for "about 4 hours" in an 8-hour workday. *Id.* at 1069. He also determined that Plaintiff required 10-minute walking breaks throughout the workday and that Plaintiff's job must "permit[] shifting positions at will from sitting, standing[,] or walking." *Id.* And PT Dix concluded that Plaintiff would be absent from work "[m]ore than four days per month." *Id.* at 1070.

On February 2, 2023, Dr. Gagnier completed a subsequent "physical medical source statement." Tr. 1108–12. Dr. Gagnier opined that Plaintiff was able to sit

and stand for "less than 2 hours" of an 8-hour workday, and, like PT Dix, determined that Plaintiff required "a job that permits shifting positions at will from sitting, standing[,] or walking." *Id.* at 1110. She also noted that Plaintiff would require "unscheduled breaks" throughout an 8-hour workday. *Id.* And she concluded that Plaintiff would be absent from work "[m]ore than four days per month."

The ALJ found those opinions unpersuasive, explaining that they were "not consistent with the objective medical evidence," Tr. 18, and "also not consistent with [Plaintiff's] daily activities, including part-time work since June 2022," *id.* at 19.

Plaintiff argues that, in making that determination, the ALJ "failed to acknowledge the consistencies between [those opinions]." Dkt. 8-1 at 16. But an ALJ is not required to compare individual medical opinions with each other; instead, an ALJ needs only to address the consistency of an opinion with the remainder of the record. *See Rushford v. Kijakazi*, 2023 WL 8946622, at *2 (2d Cir. Dec. 28, 2023) ("As required, the ALJ addressed each opinion in turn, explaining why—or why not—he found each opinion to be 'supported' by the record and 'consistent' with the other evidence."); *Spottswood v. Kijakazi*, 2024 WL 89535, at *1 (2d Cir. Jan. 9, 2024) (describing "consistency" as "how consistent an opinion is with other evidence in the record"). And the ALJ did that here, assessing Dr. Gagnier and PT Dix's' opinions in light of all the other evidence in the record.

For example, the ALJ considered the opinions of J. Koenig, M.D., and Gregory Zito, M.D., state agency medical consultants. Tr. 18. Dr. Koenig opined

that Plaintiff could perform sedentary work with limitations to climbing, stooping, kneeling, and crouching. *Id.* Dr. Zito likewise found Plaintiff capable of performing sedentary work with similar limitations. *Id.* The ALJ found those assessments persuasive, noting that they were "supported by [ ] detailed explanation[s], rationale[s], and analysis." *Id.* And the ALJ crafted an RFC that was largely consistent with those assessments. *Id.* at 15; *see Grega v. Saul*, 816 F. App'x 580, 582–83 (2d Cir. 2020) (summary order) ("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record.").

The ALJ also considered Plaintiff's longitudinal treatment records, which revealed symptomatic improvement over time. Tr. 16–17. For example, Plaintiff had left knee surgery on October 12, 2021. *Id.* at 556–609. Immediately thereafter, Plaintiff was unable to walk unassisted. *Id.* at 740–47. And in March 2022, Plaintiff indicated that she switched from a walker to a cane. *Id.* at 741. By October 2022, Plaintiff was able to walk without assistance. *Id.* at 1076. Accordingly, the ALJ concluded that "[t]reatment has generally been effective in controlling [Plaintiff's] symptoms," and that Plaintiff's "condition significantly improved following surgery." *Id.* at 17.

While Plaintiff may disagree with the weight the ALJ assigned to each piece of evidence, it is not the province of this Court to "substitute its own judgment for that of the [ALJ]." *Fanton v. Astrue*, 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25, 2011). Because the ALJ properly considered Dr. Gagnier and PT Dix's' opinions in

9

light of all the other evidence in the record, Plaintiff's first argument is without merit.

Plaintiff also argues that the ALJ "impermissibly rejected the opinions of Dr. Gagnier and PT Dix because they were provided on checkbox forms." Dkt. 8-1 at 13. And if that were all the ALJ did—if the ALJ rejected the opinions based solely on their checkbox format—Plaintiff's argument that the ALJ erred *may* have merit. *See, e.g.*, *Linda F. v. Comm'r of Soc. Sec.*, 2024 WL 383466, at *4 (W.D.N.Y. Jan. 31, 2024). But the ALJ did more than that here. As discussed above, the ALJ found Dr. Gagnier and PT Dix's' opinions inconsistent with and unsupported by other record evidence. Tr. 18–19. And rather than rejecting those opinions based on their form, the ALJ did what was required of him, considering the regulatory factors and discounting the opinions accordingly. *Id.*

In sum, the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2010). Because the ALJ did that, his decision was supported by substantial evidence, and this Court will not second-guess it. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence."). Plaintiff's second argument therefore lack merit as well.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 13) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8).  The Clerk of the Court will close this case.

SO ORDERED.

Dated:     December 2, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE